Case 4:15-cv-03542   Document 23   Filed in TXSD on 02/16/17   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 19, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the December 8, 2012 Pacquiao v. Marquez IV Fight Program,<br><br>Plaintiff,<br>VS.<br><br>GATOR PROMOTIONS LLC, individually, and d/b/a KORNBREAD'S POOL HALL 2K; and JAMES CARTER, individually, and d/b/a KORNBREADS POOL HALL 2K, a/k/a KORNBREADS 2K,<br><br>Defendants. | CIVIL ACTION NO. 4:15-CV-03542 |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause are Plaintiff's request for entry of default and motion for default judgment against Defendant James Carter ("Carter"), individually and Gator Promotions LLC, individually, both *d/b/a* Kornbread's Pool Hall 2K a/k/a Kornbreads 2K ("Kornbreads"). Docs. 14, 15. After careful consideration of the filings, record, and law, the Court GRANTS Plaintiff's request and motion.

**I.     Background**

This case arises from Defendants' piracy of the December 8, 2012 closed-circuit telecast of the Manny Pacquiao v. Juan Manuel Marquez IV, Welterweight Championship Fight Program, including undercard or preliminary bouts (collectively the "Event"). Doc. 15 at ¶ 1. Plaintiff, J & J Sports Productions, Inc. ("J & J"), was the exclusive broadcast licensee authorized to sub-license the Event to commercial customers in Texas. Doc. 1 at ¶ 6. Accordingly, commercial establishments such as bars and restaurants could receive and broadcast the Event only by purchasing it from J & J. *Id*. ¶ 8. After receiving sub-license fees, J

& J would then provide these customers with electronic decoding equipment and/or the necessary satellite coordinates to receive the signal. *Id*. ¶ 11.

Carter was the owner/manager of Kornbreads at the time of the December 8 broadcast. *Id*. ¶ 3. The Complaint alleges that Carter willfully intercepted J & J's signal to broadcast the Event to Kornbreads patrons without actually having paid the required fees.[1] *Id*. ¶¶ 12–13. According to Plaintiff, Defendants' wrongful actions violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 ("FCA" or the "Act"). *Id*. ¶ 17.

Plaintiff served Kornbreads on June 10, 2016, and Carter on June 8, 2016. Docs. 12, 13. To date, Defendants have not filed an answer or any other responsive pleading with the Court. Doc. 15 at ¶ 3. In addition, "Defendants have not contacted Plaintiff, nor has Plaintiff been in contact with Defendants concerning this lawsuit." *Id*. Accordingly, J & J now moves for entry of default and final default judgment against Defendants and seeks statutory damages, additional damages for willful conduct, a permanent injunction, attorney's fees, costs, and post-judgment interest. Docs. 14, 15.

## II.     Legal Standard

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant. Fed. R. Civ. P. 4(c)(1). If the opposing party then fails to plead or otherwise defend as required by law, the serving party is entitled to entry of a default by the clerk of the court. Fed. R. Civ. P. 55(a). However, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200,

---

[1] The affidavit of Plaintiff's Investigator, Derek Welk, describes that he observed between thirty-five and forty-two patrons in the establishment during the broadcast of the Event. Doc. 15–2 at 18–19.

1206 (5th Cir. 1975). With regards to damages, a default judgment may be entered if the plaintiff's claim is for a sum certain or a sum which can be made certain by computation; otherwise, the court must hold a hearing to determine the appropriate award. *Richardson v. Salvation Army*, 161 F.3d 7, *1 (5th Cir. 1998).

The Court may enter a final default judgment after default has been entered and upon motion by the defendant. Fed. R. Civ. P. 55(b). Local Rule 5.5 requires that a motion for default judgment be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5. When a party defaults, he admits the plaintiff's well-pleaded allegations of fact and the court may accept those allegations as true. *Nishimatsu*, 515 F.2d at 1206. To determine if a default judgment should be entered against a defendant, courts apply a two-step analysis. *Entizne v. Smith Moorevision, LLC*, No. 3:13–CV–2997–B, 2014 WL 1612394, at *1 (N.D. Tex. Apr. 22, 2014) (citing *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C10–390, 2011 WL 4738179, at *2–3 (S.D. Tex. Oct. 5, 2011)). First, the court decides whether entry of default judgment is appropriate under the circumstances. *Id*. (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The court then considers the following factors to resolve the issue: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would find itself obliged to set aside the default on the defendant's motion. *Id*. As a second step, the court weighs the merits of the plaintiff's claims and must find an adequate basis in the pleadings to support a default judgment. *Id*. (citing *Nishimatsu*, 515 F.2d at 1206).

### III. Discussion

#### A. Default Judgment

Here, Plaintiff satisfied Local Rule 5.5 by mailing a copy of the request for entry of default and the motion for default judgment to the defendant via certified mail, return receipt requested. Doc. 15 at 11. Defendants, by failing to answer or otherwise respond to Plaintiff's Complaint, have admitted the well-pleaded allegations in the Complaint and are consequently precluded from contesting the established facts on appeal. *See Nishimatsu*, 515 F.2d at 1206. In addition, applying the six-factor default-judgment test to this case, the Court finds: (1) there are no material facts in dispute because Defendants failed to file an answer or any responsive pleading in this action; (2) Defendants' failure to respond threatens to bring the adversary process to a halt, thereby effectively prejudicing Plaintiff's interests; (3) service of process was executed against Kornbreads on June 14, 2016, and against Carter on June 17, 2016; (4) there is no evidence before the Court suggesting that Defendants' failure to appear or file anything is the result of a good faith mistake or excusable neglect; (5) the nearly twelve months that has passed since Plaintiff filed its original complaint mitigates the harshness of a default judgment; (6) considering all supporting affidavits and other documentary evidence, the Court finds that Plaintiff has established that Defendants illegally, willfully, and for purposes of direct or indirect commercial advantage or private gain intercepted the closed-circuit telecast of the Event and exhibited it without obtaining Plaintiff's prior authorization and remitting the required licensing fee to Plaintiff, and the Court knows of no facts that would constitute good cause to set aside a default judgment. Therefore, the Court accepts Plaintiff's well-pleaded allegations as true, finds that Defendants are in default, and holds that Plaintiff is entitled to a default judgment, appropriate damages, injunctive relief, attorney's fees, and costs.

### B. Damages

Plaintiff seeks statutory damages in the amount of $10,000 under 47 U.S.C. §

605(e)(3)(C)(i)(II) and additional damages of $50,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). Doc. 15 at 10.

Section 605 of the Act provides that an aggrieved party may recover an award of statutory damages at least $1,000 and not more than $10,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). After a careful review of Plaintiff's evidence, especially Attorney Riley's affidavit, Doc. 15–2, which details the types of damages that Plaintiff has suffered, including loss of existing and potential customers, loss of sublicense fees, financial loss, loss of good will, and loss of reputation, the Court finds that an award of $10,000 in statutory damages is appropriate.

The Court also has the discretion to award additional damages up to $100,000 for willful violations under 47 U.S.C. 605(e)(3)(C)(ii). As mentioned above, Plaintiff has shown that Defendants' unlawful interception and broadcast of the Event was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain. Precedent suggests that a multiplier of three to eight times the amount of statutory damages is appropriate for willful violations of the Act. *See J & J Sports Prods., Inc. v. Rivera*, Civ. A. No. H–13–902, 2014 WL 3533472 (S.D. Tex. July 14, 2014) (collecting cases and awarding a multiplier of five times statutory damages). In light of the fact that the event was exhibited on multiple televisions and one projection screen to as many as forty-two patrons, and given the importance of deterring future violations, the Court finds a multiplier of five times statutory damages is reasonable and awards Plaintiff, as requested, $50,000 in additional damages. Accordingly, Plaintiff is entitled to damages in the total amount of $60,000.

### C. Permanent Injunction

Plaintiff also seeks a permanent injunction that enjoins Defendants from ever intercepting or exhibiting an unauthorized program in violation of the FCA. Doc. 15 at 10.

The statute permits courts to grant a final injunction "on such terms as it may deem reasonable to prevent or restrain violations" of the Act. 47 U.S.C. § 605(e)(3)(B)(i). After reviewing the evidence and authority, the Court determines that injunctive relief is appropriate. Accordingly, Defendants, Defendants' officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Defendants are forever enjoined from ever intercepting or exhibiting an unauthorized program in violation of the Act.

### D. Costs and Attorney's Fees

Plaintiff seeks attorneys' fees in the amount of one-third of recovery, or alternatively, for four hours of billed time at a blended hourly rate of $250. Doc. 15 at 10. Plaintiff also seeks attorney's fees for post-trial and appellate services, and costs and post-judgment interest at the highest lawful rate. *Id.*

In considering attorney's fees, the Court finds recovery under the lodestar method is appropriate. Based on Diaz's affidavit, Doc. 15-3, the Court awards Plaintiff $1,000 in reasonable attorney's fees for four hours of services at his hourly rate of $250.

Finally, the Court rejects Plaintiff's request for post-trial, pre-appeal, and appellate fees as speculative and premature. As this Court has already told Plaintiff in a similar case, "Plaintiff may apply for such if and when the fees are incurred." *Rivera*, 2014 WL 3533472, at *3.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's request for entry of default and motion for default judgment are **GRANTED.** Docs. 14, 15.

SIGNED at Houston, Texas, this 16th day of February, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE